UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENNIS SMITH,

      Plaintiff,

                                        Civil Action 2:10-cv-00202
    v.                             Magistrate Judge E.A. Preston Deavers

TURBO PARTS LLC,

      Defendant.

## OPINION AND ORDER

Plaintiff, Dennis Smith, brought this action against Defendant, Turbo Parts LLC, in the Court of Common Pleas, Marion County, Ohio, alleging that he sustained injuries at Defendant's manufacturing plant as a result of Defendant's negligence.  (ECF No. 2.)  Defendant removed the action to this Court, on the basis of original and diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(b).  (ECF No. 1.)  This matter is before the Court for consideration of Defendant's Motion for Judgment on the Pleadings (ECF No. 5), Plaintiff's Memorandum in Opposition (ECF No. 12), and Defendant's Reply (ECF No. 13).  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

## I.

According to the Complaint, Express Personnel ("Express"), a temporary staffing company, employed Plaintiff and placed him to work at Defendant's manufacturing factory.  At Defendant's factory, Plaintiff operated metal-cutting machinery.  Plaintiff complained to Defendant that the machine's guard failed to deflect larger metal shavings, exposing him to risk

of injury.  Defendant did not correct the problem.  Thereafter, on January 5, 2007, while Plaintiff

was cutting a carousel base from a large piece of stainless steel, shavings discarded from the

machine escaped the machine's guard, causing injuries to Plaintiff's left leg.

Following his injury, Plaintiff filed a workers' compensation claim against Express with

the Ohio Bureau of Worker's Compensation ("BWC").  The BWC allowed Plaintiff's claim,

awarding him benefits, including temporary total disability compensation.

On January 20, 2010, Plaintiff filed this negligence action against Defendant in the Court

of Common Pleas, Marion County, Ohio.  Defendant removed the action to this Court on March

8, 2010.  Defendant filed its Answer on March 12, 2010.  (ECF No. 4.)  In its Answer, Defendant

admits that discarded metal shavings from one of its machines injured Plaintiff, but denies

liability, raising a number of affirmative defenses.  Defendant subsequently filed the subject

Motion, asserting that it is entitled to judgment as a matter of law.  (ECF No. 5.)

## II.

A motion filed under Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the

pleadings and is evaluated under the same standard as a Federal Rule of Civil Procedure 12(b)(6)

motion to dismiss.  *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation

omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient.  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

2

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1949.

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

In support of its request for judgment, Defendant first asserts that it is entitled to the employer immunity conferred under Article II, § 35 of the Ohio Constitution and Ohio Revised Code § 4123.74. Second, Defendant maintains that Plaintiff's claims are barred by the doctrine of estoppel and the doctrine of election of remedies. Finally, Defendant asserts that Plaintiff has failed to state an intentional tort claim upon which relief can be granted. This Court addresses each of Defendant's asserted bases for judgment separately.

### A.    Workers' Compensation Employer Immunity

Defendant asserts that it is entitled to immunity under Ohio law from Plaintiff's claims because it was a complying employer within the meaning of Ohio Revised Code §§ 4123.74 and 4123.35 at all relevant times. Plaintiff does not dispute that Defendant paid the appropriate premium payments to Ohio's state insurance fund as set forth in Section 4123.35. Plaintiff

disagrees, however, with Defendant's assertion that it is entitled to immunity "irrespective of whether or not the Plaintiff was its employee . . . ." (Def.'s Reply 5, ECF No. 13.) Instead, Plaintiff maintains that Defendant is not entitled to immunity unless it first demonstrates that Plaintiff was its employee. Plaintiff concludes that the Court should deny Defendant's Motion because "there is a genuine issue of material fact as to whether [P]laintiff was an employee of [D]efendant." (Pl.'s Mem. in Opp. 8, ECF No. 12.)

The Court concludes that the plain language of Ohio Revised Code § 4123.74 demonstrates that the statute confers immunity on complying employers only when the injured party is an employee of the employer. Section 4123.74 provides in pertinent part:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury . . . received or contracted *by any employee in the course of or arising out of his employment*, . . . during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury . . . is compensable under this chapter.

Ohio Rev. Code § 4123.74 (emphasis added).[1]

Plaintiff's allegation that he was an employee of Express at the time of the injury,

_____

[1]Section 4123.74 codifies the workers' compensation immunity provision set forth in Section 35, Article II of the Ohio Constitution, which provides in pertinent part:

> For the purpose of providing compensation to workmen and their dependents, for . . . injuries . . ., occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such . . . injuries . . . , and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such . . . injuries . . . .

Ohio. Const. Art. 2, § 35.

however, does not end the Court's inquiry. This is because "[t]he Supreme Court of Ohio has clearly stated that, for purposes of R.C. 4123.74, workers' compensation immunity, an individual may under certain circumstances be considered the employee of more than one employer qualifying for immunity." *Wolf v. Big Lots Stores*, No. 07AP-511, 2008 WL 1759073, at *2 (Ohio App. 10 Dist. April 17, 2008) (citing *Stanadyne, Inc. v. Indus. Comm.*, 12 Ohio St.3d 199 (1984); *Below v. Dollar General Corp.*, 163 Ohio App.3d 694, 699 (Ohio App. 3d Dist. 2005) (considering whether employee of truck driving company had "dual employment status" with Dollar General at the time of the accident for purposes of workers' compensation immunity). In *Stanadyne*, an employee of an employment agency was fatally injured in a truck accident while driving a semi-tractor trailer rig for a company that had contracted with the agency for the provision of qualified drivers. 12 Ohio St.3d at 199–200. Pursuant to the agreement between the company and the employment agency, the company paid the agency for the drivers' services and was at liberty to direct the drivers to various destinations, select their routes, and choose the type of truck driven and the goods to be transported. *Id*. at 200, 202. Citing its precedent that "the customer of the employment agency, exercising day-to-day control over the employee, will be considered to be the employer for purposes of workers' compensation," the *Stanadyne* Court concluded that the company was the decedent's employer because it had "the right to control the manner or means of performing the work." *Id*. at 202 (citing *Campbell v. Central Terminal Warehouse,* 56 Ohio St. 2d 173 (1978); *Vandriest v. Midlem*, 6 Ohio St.3d 183 (1983)).

Following *Stanadyne*, Ohio courts have continued to utilize the right to control test when analyzing whether an individual is an employee for workers' compensation purposes. *See, e.g.*, *Bostic v. Conner*, 37 Ohio St.3d 144, Syll. ¶ 1 (1988) ("Whether someone is an employee [for purposes of workers' compensation immunity] is ordinarily an issue to be decided by the trier of

5

fact, [and] [t]he key factual determination is who had the right to control the manner or means of doing the work."); *Below* 163 Ohio App.3d at 701–02 (reversing the trial court's grant of summary judgment upon finding a genuine issue of fact existed as to whether company seeking workers' compensation immunity had the right to control the injured's manner or means of doing the work); *Wolf*, 2008 WL 1759073 at *3 (affirming trial court's holding that Big Lots was a dual employer for purposes of workers' compensation immunity upon finding that there remained no issue of material fact on the question of whether Big Lots exercised control over the injured Penske employee's day-to-day employment duties); *Seller v. Liebert Corp.*, No. 05AP-1200, 2006 WL 2301095, at *3–4 (Ohio App. 10 Dist. Aug. 10, 2006) (reversing trial court's grant of summary judgment and permitting the injured employment agency employee to maintain a negligence action against the company he was assigned to work where the contract between the agency and company made clear that the agency retained all rights and supervision over the injured employee); *Cottrill v. Thermo Electron N. Am.*, No. 09CA34, 2010 WL 2010920, at *5 (Ohio App. 4 Dist. May 17, 2010) (affirming trial court's grant of summary judgment where reasonable minds could only conclude that the company where the employment agency's injured employee was assigned to work controlled the manner and means of the employee's performance of work).

The Ohio Supreme Court has instructed that "[t]he determination of who has the right to control must be made by examining the individual facts of each case." *Bostic*, 37 Ohio St.3d at 146. The *Bostic* Court went on to enumerate factors the factfinder must consider, stating that:

> The factors to be considered include, but are certainly not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts.

*Id.* (citations omitted).

In the instant case, the issue before the Court, then, is whether the pleadings establish, as a matter of law, that Defendant exercised day-to-day control over Plaintiff. In support of its assertion that the pleadings sufficiently establish the requisite control, Defendant references only Plaintiff's allegations that Defendant required him to work with the machine and its own allegations that it had provided Plaintiff with safety equipment and training. There is no mention in either the pleadings or Defendant's Motion of the other factors set forth in *Bostic*. The Court consequently concludes that the pleadings fail to contain sufficient information to permit this Court to conclude, as a matter of law, that Defendant had the right to control the manner or means of Plaintiff's work. Accordingly, Defendant is not entitled to judgment on the pleadings on the basis of workers' compensation employer immunity.

**B.      Doctrines of Estoppel and Election of Remedies**

Next, Defendant posits that the doctrines of estoppel and election of remedies operate to bar Plaintiff's negligence claim. Defendant has raised these doctrines as affirmative defenses.

The Court rejects Plaintiff's theory of estoppel as a basis for judgment. The equitable "doctrine of estoppel has been primarily formulated to prevent results contrary to good conscience and fair dealing." *Markese v. Ellis,* 11 Ohio App.2d 160, 163 (1967). Defendant fails to sufficiently develop its estoppel theory. Defendant has not identified the nature of the estoppel it asserts or discussed the requisite elements necessary to demonstrate the estoppel asserted. Defendant cites a single case, *Egan v. National Distillers & Chemical Corp.*, 25 Ohio St.3d 176 (1986), in support of its estoppel theory. *Egan*, however, fails to support Defendant's contention that the doctrine of estoppel operates to bar Plaintiff's negligence claim. In *Egan,* the Ohio Supreme Court relied on *Jones v. VIP Development Co.*, 15 Ohio St.3d 90 (1984), to hold

7

that the appellant employer could not "use its participation, nor the participation of its injured employee, in Ohio's workers' compensation system as a shield to dilute its legal responsibility as an intentional tortfeasor." 25 Ohio St.3d at 180. In reaching this holding, the *Egan* Court distinguished its earlier decisions that held that an election to pursue remedies under the Workmen's Compensation Act estops the employee from maintaining an action in court against the employer. *Id*. at 178–79. The Court explained that those cases involved negligence rather than intentional tort actions and that "the decisions in those cases hinged on early and now *former* provisions of Ohio's General Code which provided works the option in certain cases to either accept benefits or file a civil action." *Id*.

The Court likewise rejects Plaintiff's election of remedies theory as a basis for judgment. In *Frederickson v. Nye*, 110 Ohio.St. 459 (1924), the Supreme Court of Ohio described the doctrine as follows:

> In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment.

110 Ohio St. at Syll. ¶ 2. The doctrine applies in workers' compensation actions "when an employee accepts benefits, but later brings an action against the employer alleging negligence." *Saunders v. Holzer Hosp. Found*, No. 08CA11, 2009 WL 1228756, at *6 (Ohio App. 4 Dist. April 30, 2009) (citations omitted). Thus, if the pleadings established that Defendant was Plaintiff's employer for purposes of workers' compensation or that he had sought and received workers' compensation benefits from Defendant, his acceptance of benefits would foreclose a civil action for negligence against Defendant under the election of remedies doctrine. As set

forth above, however, the Court cannot make such a conclusion on the basis of the pleadings, and Plaintiff sought and received workers' compensation benefits from Express, not Defendant.

The cases Defendant relies on to support its election of remedies theory are readily distinguishable on this basis.  Defendant cites *Saunders, Catalono v. Lorain*, 161 Ohio App.3d 841 (Ohio 9 Dist. 2005); and *Switka v. Youngstown*, No. 05MA74, 2006 WL 2574086 (Ohio App. 7 Dist. Sept. 1, 2006).  In each of these cases, the Court precluded the *employee* who had sought and received workers' compensation benefits from his employer from subsequently maintaining a negligence action against that employer.  *Saunders*, 2009 WL 1228756 at *7; *Catalono*, 161 Ohio App.3d at 845; *Switka*, 2006 WL 2574086 at *4.  Again, in this case, the Court cannot conclude from the pleadings, as a matter of law, that Defendant was Plaintiff's employer for purposes of workers' compensation.  Moreover, Plaintiff has not sought workers' compensation benefits from Defendant, and instead elected to pursue his remedy through asserting claims of negligence and other torts.

Additionally, Ohio courts presented with similar circumstances permit an injured individual to maintain a negligence action so long as that individual is not an employee of the defendant company for workers' compensation purposes.  For example, in *Below*, as in the instant case, the injured employee received benefits though his assigning company's workers' compensation policy.  163 Ohio App.3d at 695.  The court nonetheless found that the injured individual could proceed with his negligence action against the company where he was assigned because a genuine issue of material fact existed as to whether that individual was also an employee for workers' compensation purposes of the company to which he was assigned.  *Id*. at 702.  Similarly, in *Wolf*, the injured plaintiff brought a negligence action against the company where he was assigned to work even though he had pursued and obtained workers' compensation

benefits through the assigning company.  2008 WL 1759073 at * 2.  The *Wolf* court did not find Plaintiff's receipt of workers' compensation benefits to be fatal to its negligence claim against the company where he was assigned.  *Id*.  Instead, the *Wolf* court proceeded to analyze whether or not the company where he was assigned was entitled to workers' compensation immunity, applying the right to control test.  *Id*.

Accordingly, the Court rejects Defendant's estoppel and election of remedies theories.

**D.      Intentional Tort Claim**

Finally, Defendant maintains that to the extent Plaintiff seeks to assert an intentional tort claim against Defendant, such a claim fails to state a claim upon which relief can be granted. Plaintiff, in his Memorandum in Opposition, fails to address Defendant's argument.

It does not appear that Plaintiff seeks to assert an intentional tort claim against Defendant.  Under a section in Plaintiff's Complaint titled "Cause of Action," Plaintiff includes a single paragraph, which reads as follows: "Defendant Turbo had knowledge of the dangers associated with the large shavings being discarded by the machine, and was negligent by requiring plaintiff to work the unsafe machine."  (Compl. ¶ 12.)  The confusion stems from an allegation contained in a section of the Complaint that Plaintiff titled "Proximate Cause." Specifically, in this section Plaintiff alleges that "[a]s a direct and proximate result of the said defendant's *intentional* acts, plaintiff lost wages . . . ."  (Compl. ¶ 12 (emphasis added).)  The remainder of Plaintiff's allegations support only a negligence-based theory of recovery.

Regardless, the Court agrees with Defendant, that to the extent Plaintiff seeks to assert an intentional tort claim, he has failed to state a claim.  On April 7, 2005, the Ohio legislature modified Ohio Revised Code § 2745.01, a statute which addresses employer intentional tort

10

liability.[2]  Section 2745.01 provides, in pertinent part, that:

(A)    In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B)    As used in this section "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

Ohio Rev. Code § 4123.74.  Here, even assuming Plaintiff is an employee and Defendant is an employer for purposes of the statute, Plaintiff has not alleged facts that would permit the Court to draw a reasonable inference that the defendant acted with deliberate intent to cause him to suffer an injury.  Further, the Court is not required to accept as true Plaintiff's legal conclusion that Defendant acted intentionally.  *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Accordingly, the Court finds that Plaintiff has failed to state an intentional tort claim against Defendant.  Defendant's Motion for Judgment on the Pleadings is therefore granted with regard to this claim.

## IV.

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Judgment on the Pleadings.  (ECF No. 5.)  Only Plaintiff's negligence cause of action remains pending.  This case will be noticed for a pretrial conference by separate order.  The stay of discovery in this case is hereby **LIFTED**.

**IT IS SO ORDERED.**

---

[2]The Ohio Supreme Court found this statute to be constitutional in *Kaminski v. Metal & Wire Products Co.*, 125 Ohio St.3d 250 (2010).

March 1, 2011                                          /s/ *Elizabeth A. Preston Deavers*
                                                      Elizabeth A. Preston Deavers
                                                      United States Magistrate Judge